Mr. Justice ThacheR
delivered the opinion of the court.
Matheny was summoned as a garnishee in an attachment sued out by Galloway against Douglass. A writ of inquiry was directed in the suit of Galloway against Douglass, but not executed, and a final judgment was rendered against Douglass for the amount of the account for which the action was instituted. Subsequently, a judgment nisi having previously been entered against Matheny, and he having failed to make defence or answer upon the service of a scire facias, an execution was awarded against him, for the amount of the indebtedness of Douglass to Galloway, with interest' from the date of the rendition of the judgment against Douglass, in favor of Galloway, together with all costs.
The chief objections taken by Matheny, are to irregularities in the proceedings at law, by Galloway against Douglass. Galloway’s judgment is very likely erroneous, but it is certainly not void, and so long as Douglass acquiesces in it, Matheny cannot complain of it. We cannot look at mere errors in Galloway’s judgment. Whitehead v. Henderson, 4 S. & M. 704; Ford v. Hurd, Ibid. 683.
In examining the judgment against Matheny, we find it was awarded against him for the amount of Galloway’s judgment against Douglass, with interest from the date of its rendition, and all costs. The statute directs, upon scire facias being duly executed and returned, if the garnishee shall fail to appear and discover accordingly, a confirmation of the judgment nisi, and an award of execution for the plaintiff’s whole judgment and costs. H. & H. 653, sec. 24. The statute, we think, goes upon the supposition that where a garnishee fails to appear and answer upon service of scire facias, he is indebted to the defendant in the full amount of plaintiff’s judgment, the interest that may have accrued thereon, as an incident of that judgment, and the costs which have accrued by the original action, as well as those *478 of the scire facias. All these amounts appertain to the plaintiffs “judgments and costs.” In this case it appears that a judgment for some amount is entered up against Matheny as the garnishee. A garnishee is allowed reasonable satisfaction out of the effects in his possession, only in the event of his attendance. H. <fc H. 558, sec. 43. There is no provision making allowance to a garnishee, against whom a judgment nisi has been entered, and who fails to appear and answer upon a scire facias duly served.
The judgment must be affirmed.